**EPA VAAPUU, Appellant,**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee.**

High Court of American Samoa
Appellate Division

AP No. 01-97

March 2, 1999

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, WARD*, Acting Associate Justice, TUA`OLO, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Appellant, Tautai A.F. Fa`alevao
For Appellee, Fainu`ulelei Ala`ilima-Utu

OPINION AND ORDER

WARD, Acting Associate Justice.

## Procedural History

On September 3, 1996, appellant Epa Vaapuu ("Appellant") was cited for Careless Driving Causing Property Damage (A.S.C.A. § 22.0701).

---

* Honorable John L. Ward II, District Court Judge, serving by designation of the Secretary of Interior.

Appellant was appointed counsel. On November 18, 1996, Appellant entered a plea of not guilty and the matter proceeded to a bench trial before the District Court, District Court Judge Pro Tempore Roy J.D. Hall, Jr. presiding. Appellant was found guilty of Careless Driving Causing Property Damage and was sentenced on November 19, 1996. The District Court suspended the imposition of the sentence and the Appellant was placed on probation for one year subject to a $200.00 fine and suspension of his driver's license for three months.

After the District Court denied Appellant's Motion for New Trial, Appellant timely filed his Notice of Appeal with this Court on January 9, 1997. Oral argument was heard on February 11, 1999.

## Discussion

Appellant presents two issues on appeal: 1) whether the District Court erred in making a finding contrary to the evidence submitted at trial; and 2) whether the District Court erred in allowing an excluded witness to testify as to substantive matters.

■■■■ This Court has jurisdiction over this case upon appeal based upon a stenographic record pursuant to A.S.C.A. § 3.0309. On appeal, the trial court's findings of fact are reviewed for clear error. A.S.C.A. § 46.2403(b).

Under A.S.C.A. § 22.0101, the term "highway" is defined as " . . . the entire width between the boundary lines of every publicly maintained way . . . " Appellant argues that because the testimony at trial and the photographs admitted into evidence indicate the point of impact between the two vehicles could have occurred on the paved portion of the highway, the District Court's holding that the speed of Appellant's vehicle caused him to leave the "road" and strike obliquely another vehicle on the side of the roadway was contrary to the weight of the evidence.

■■ After carefully reviewing all of the testimony and exhibits on file in this matter, we do not find the District Court's findings of relevant facts to be clearly erroneous. The point of impact occurred outside of the solid white line delineating the width of the highway. Regardless of whether or not the 10 feet long skid marks by Appellant's vehicle were made by the right or left front tires of his vehicle, at least a portion of his vehicle was outside of the "highway" when the other vehicle was struck. Both Appellant and Appellee agree that the point of impact occurred outside of Appellant's lane as marked by the solid white line painted on the pavement some 12-16 inches from the (gravel) shoulder of the roadway. The District Court's findings of fact, therefore, were not clearly erroneous.

With respect to Appellant's second issue on appeal we do not find reversible error. Although the District Court's decision embraces its belief that the skid marks were made be Appellant's left front tires, it also relies upon the balance of all the testimony and exhibits presented at trial. No reversible error occurred as a result of the District Court's admission of substantive testimony by the witness called to establish foundation for the authenticity of a trial photo exhibit.

### Conclusion

For the reasons stated above, the judgment appealed from will be AFFIRMED.

It is so Ordered.